# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br>vs.<br><br>ANTHONY EDDIE MARTINEZ,<br><br>                                Defendant. | CASE NO. 10CR3575-LAB<br><br>**ORDER GRANTING IN PART JOINT APPLICATION FOR SENTENCE REDUCTION PER U.S.S.G. AMENDMENT 782; 18 U.S.C. § 3582(c)** |

    The Court has reviewed the Joint Application for Sentence Reduction in this case and is in partial (but not complete) agreement with the parties' recommendation. Under Amendment 782 to the United States Sentencing Guidelines ("Guidelines" or "USSG") and 18 U.S.C. § 3582(c)(2), the Court agrees with the parties that the defendant, Anthony Martinez, is eligible for a reduced sentence and that his amended Guideline sentencing range, before applying any credit for Substantial Assistance, is 188-235 months. When the Court originally sentenced Martinez in 2011, it departed downward six levels for Substantial Assistance. He is entitled to receive that credit again. USSG §1B1.10(b)(2)(B). So, with a 2-level reduction of his Base Offense Level and a 6-level departure for Substantial Assistance, Martinez's revised total offense level is 27. He remains in criminal history category IV. His amended Guideline range 100-25 months. Because the low end of the amended range is less than the 121-month sentence the Court imposed, he is eligible to

have his sentence reduced to 100 months. USSG §1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . .").[1]

Eligibility for a sentence reduction is not the same as entitlement to one. Both § 1B1.10(b)(2) and § 3582(c)(2) describe the court's prerogative to reduce a sentence in permissive terms (the court "may" reduce the sentence if the defendant is eligible), and the Supreme Court and the Ninth Circuit have characterized the decision as "discretionary." *See Dillon v. United States*, 560 U.S. 817, 827 (2010) ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part . . .") (italics supplied); *United States v. Colson*, 573 F.3d 915, 915-16 (9th Cir. 2009) (referring to the district court's discretionary denial of the defendant's 18 U.S.C. § 3582(c)(2) sentence reduction motion). So the question for the Court in this case is whether the facts and circumstances of Martinez's offense, his background, the Guidelines, and other relevant § 3553(a) factors equitably support reducing his sentence.

**§ 3553(a) Analysis**

Martinez's drug charge was resolved by a plea agreement. The Court has reviewed the plea agreement, as well as the original Presentence Report in his case. The Court also reviewed the Government's original § 5K1.1 motion, which over 19 pages recites the detailed facts of the offense. From these sources, the following account emerges: In 2010, Martinez was involved in dealing large quantities of methamphetamine in San Diego. For example, in July 2010, he sold a pound of meth to an informant for $13,000. A month later, he

---

[1] The parties have jointly requested a sentence reduction to 97 months, but it's not clear how they arrived at this number. Their method of calculation converts the original 6-level Substantial Assistance departure into a percentage figure (49%), which they then purport to apply to the low end of Martinez's amended sentencing range (188 months). But the math doesn't work because 49% of 188 is 95.88 or, rounding up, 96. When the Court sentenced Martinez, it departed downward by "6-levels," not by a percentage figure. Following that same method of calculation here yields an amended Guidelines range that bottoms out at 100 months, not 97 months. Under § 3582(c)(2), the Court is not permitted to reduce a defendant's sentence below the low end of the amended Guidelines range, here 100 months.

negotiated the sale of another 10–15 pounds of meth for $120,000. Interspersed between these large transactions were smaller sales of methamphetamine. Drug agents arrested Martinez on August 12, 2010, when he delivered almost 5 pounds of actual methamphetamine to an informant. In his plea agreement and his guilty plea, Martinez admitted that he had sold almost 6 pounds of actual methamphetamine.

It's not clear from the record exactly how long Martinez was involved in drug trafficking, but the evidence suggests his involvement goes back to at least 2007. The Presentence Report documents the seizure of $105,000 from a drug money courier in the Detroit airport in May 2007. A follow-up investigation concluded that she was working for Martinez. The Presentence Report and the Government's § 5K1.1 motion also document that Martinez's source of supply for the methamphetamine he sold were people in Mexico. Martinez would travel there to meet with them and coordinate the importation of methamphetamine into the U.S.

Martinez is no stranger to the criminal justice system. By the time he appeared before this Court, he had suffered convictions for numerous misdemeanor offenses and for three felonies. His felony convictions included brandishing a firearm from a vehicle, possession of narcotics for sale, and wife beating. His record of compliance with probation and parole conditions was abysmal; judges revoked his probation and parole many times.

In ruling on a Joint Application to reduce sentence, the Court is required to consider and discuss relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims. The Court has considered all of these factors and, without "ticking off" each one, concludes as follows:

/ / /

1        Under § 3553(a)(1), the Court finds that the nature and circumstances of Martinez's offense were aggravated. While the amount of actual methamphetamine that he admitted he sold doesn't render him ineligible for § 3582(c)(2) relief, it was close. See USSG § 2D1.1(c)(1) (2014) (limiting eligibility for § 3582(c)(2) relief to offenses that involved less than 4.5 kilograms of actual methamphetamine). Regardless, the evidence is clear that the defendant sold large quantities of methamphetamine over an extended period of time, helped coordinate the importation of methamphetamine into the United States from Mexico, and exercised dominion and control over substantial amounts of money that were derived from drug trafficking. A sentence at the low end of the amended sentencing range would not adequately reflect any of these aggravating circumstances. Nor would a low end sentence provide just punishment for what, in effect, were multiple felonies that Martinez committed over an extended period of time. USSG § 3553(a)(2)(A). Nor would a sentence at the low end of the revised Guidelines range deter others from participating in trafficking in large quantities of drugs, coordinating the importation of drugs, or laundering drug money. USSG § 3553(a)(2)(B).

Martinez's lengthy record is also an aggravating factor under § 3553(a)(1). His conviction for this offense was his fourth felony conviction, and his criminal record spans more than 20 years. Rather than tempering his criminal behavior over time, Martinez committed offenses of increasing seriousness. A low end sentence would not adequately account for the defendant's lengthy record, nor for his shoddy, unsuccessful performance on probation and parole.

The Court has also considered the kinds of sentences available and the need to avoid unwarranted sentencing disparities. Acknowledging that Martinez is eligible for relief under Amendment 782, the Court finds nothing in the record that compels or even commends a reduction to the low end of his amended Guidelines range.[2] To the contrary, it is the high

---

[2] The Chief of the Narcotics Section for the U.S. Attorney's Office for the Southern District of California has informed this Court that the Government's blanket policy is to recommend the low end of the amended sentencing range in Joint Applications for Sentence Reductions pursuant to § 3582(c)(2). Unlike the Government, however, a court may not adhere to blanket policies when

end of the amended sentencing range that better fits his offense and background, and is consistent with the other important objectives of sentencing discussed above. Considering the large amount of methamphetamine he sold, his extended and extensive involvement in the drug trade, and his serious criminal record, a minimal reduction of his sentence is reasonable. A 120-month sentence falls within the revised Guidelines range authorized by Amendment 782, and is not disparate with sentences that this Court has imposed in similar cases involving large amounts of methamphetamine and recidivist defendants who have bad criminal records.[3]

The Joint Application for Sentence Reduction is **GRANTED IN PART**; the Defendant's sentence is reduced from 121 months to 120 months.

**IT IS SO ORDERED**.

DATED: September 8, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

considering sentencing or sentence reduction recommendations. *See United States v. Miller*, 722 F.2d 562, 566 (9th Cir. 1983). Instead, a court must analyze the individual case before it. *Id.*

[3] The Court acknowledges that it is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding, USSG. § 1B1.10(a)(3), p.s. ("[P]roceedings under § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."), and is not doing so here. Instead, the Court is merely reevaluating the relevant § 3553(a) factors, including the lower Guideline sentencing range, to determine the degree of sentence reduction that is warranted.